IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THOMAS MICHAEL ALLAN GILLARD,

         Petitioner,

    v.

BRIAN PIXLEY, *Superintendent, Columbia County Jail,*

         Respondent.

Case No. 3:26-cv-00441-CL

**ORDER**

AIKEN, District Judge:

Magistrate Judge Mark D. Clarke has filed a Findings and Recommendation ("F&R") recommending that the Petition for Writ of Habeas Corpus, ECF No. 9, be DENIED. ECF No. 11.  Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*; Fed. R. Civ. P. 72(b)(3).

Page 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte . . .* under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

Here, Petitioner filed a letter on June 12, 2026, ECF No. 13 which the Court will construe as objections.

## DISCUSSION

[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254.

In line with the statutory text, the Supreme Court has said that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citations omitted).

Page 2 – ORDER

As stated above, the Court will construe Petitioner's filing, ECF No. 13, as objections to the F&R. In his objections, Petitioner states: "[A]s I've previously explained on the petition, and countless more unlawful actions that are blatantly egregious and clear violations of not simply Oregon state law but more importantly my Constitutional Rights." ECF No. 13 at 2.   That statement addresses the reason the F&R recommends dismissal of this action: "Gillard does not identify in the amended petition a federal basis for relief, nor does he argue that he is entitled to relief under any provision of federal law." F&R at 4.

Petitioner's objection regarding a violation of his constitutional rights is conclusory. While he alleges that his constitutional rights have been violated, he does not cite any constitutional right in his latest filing, nor does he cite any federal law (or treaty). In fact, Petitioner's latest filing is in line with all his previous filings: he repeatedly cites Oregon state law and regulations. *See* ECF No. 13 (citing ORS 421.508(4); *Gaynor v. Board of Parole*, 165 Or. App. 609 (2000); ORS 144.317; ORS 144.345(2); ORS 137.751; ORS 144.341; OAR 231-011-004; OAR 213-012-0040; OAR 255-075-0079).

The Court has reviewed all of Petitioner's filings. In Petitioner's Amended Petition, ECF No. 9, his stated grounds for relief are: (1) "ORS 144.345(2) was misinterpreted; (2) ORS 144.106, 144.107, 144.317, and 144.337; and (3) "The Columbia County parole and probation office did not have authority to revoke supervision." Am. Pet. As to the third ground, Petitioner makes clear that this is the

Page 3 – ORDER

same as first ground. *Compare* "Ground One" at 5 *with* "Ground Three" at 8 (both citing the misinterpretation of ORS 144.345(2)).

In his Supplement to the Amended Petition, ECF No. 10, Petitioner cites additional sources of Oregon law, but his general argument is the same: "[I]t is my belief that my Hawaii conviction . . . legally terminated my Oregon term of post-prison supervision . . . pursuant to ORS 144.345(2)." Supp. to Am. Pet. at 6. Additionally, he cites an Oregon regulation, OAR 255-075-0079, and an Oregon court case, *Gaynor v. Board of Parole*, 165 Or. App. 609 (2000). *Id.*

The Court finds that Petitioner has not presented a federal ground for relief. As such, Petitioner has failed to state a claim upon which relief can be granted and the Petition must be dismissed.

## CONCLUSION

The Court has reviewed the F&R *de novo* and finds no error.  The F&R, ECF No. 11, is therefore ADOPTED and the Petition for Writ of Habeas Corpus is DISMISSED.

It is so ORDERED and DATED this __6th__ day of August 2026.


/s/Ann Aiken
ANN AIKEN
United States District Judge

Page 4 – ORDER